**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION C**

| | |
|---|---|
| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 7 |
| MARK E. ALBRIGHT, | CASE NO. 21-09518 |
| DEBTOR | JUDGE: LaShonda A Hunt |

## NOTICE OF MOTION

**Notified via Electronic Filing**
U.S. Trustee, 219 S Dearborn St, Room 873, Chicago, IL 60604
Cindy M. Johnson, 140 S. Dearborn Street, Suite 1510, Chicago, IL 60603
David M Siegel, David M. Siegel & Associates, 790 Chaddick Drive, Wheeling, IL 60090
**Notified via US Postal Service**
Mark E. Albright, 2431 Fitzhugh Turn, Yorkville, IL 60560

   Please take notice that on October 15, 2021 at the hour of 9:15 a.m. or as soon thereafter as I may be heard, I shall appear before the Honorable Judge LaShonda A Hunt or before any other Bankruptcy Judge who may be presiding in his/her place and stead and shall then and there present the accompanying motion. At that time and place you may attend if you so choose.

**This motion will be presented and heard electronically using Zoom for Government.**
No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/join. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 165 5696** and the **passcode** is **7490911**. Additional information can be found on Judge Hunt's webpage on the court's website: https://www.ilnb.uscourts.gov/content/judge-lashonda-hunt.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he/she caused a true and correct copy of the above and foregoing document to be served upon the following on 9/27/21:

                Respectfully Submitted,

                /s/ Michael N. Burke
                Richard B. Aronow  3123969
                Michael N. Burke  6291435
                Michael Kalkowski  6185654
                LOGS Legal Group LLP
                2121 Waukegan Road, Suite 301
                Bannockburn, IL 60015
                (847) 291-1717
                Attorneys for Movant
                21-095026

**Notified via Electronic Filing**
U.S. Trustee, 219 S Dearborn St, Room 873, Chicago, IL 60604
Cindy M. Johnson, 140 S. Dearborn Street, Suite 1510, Chicago, IL 60603
David M Siegel, David M. Siegel & Associates, 790 Chaddick Drive, Wheeling, IL 60090

**Notified via US Postal Service**
Mark E. Albright, 2431 Fitzhugh Turn, Yorkville, IL 60560

**The firm of LOGS Legal Group LLP is a debt collector. This is an attempt to collect a debt. Any information may be used for that purpose. If your personal liability for this debt has been extinguished, discharged in bankruptcy or if a court order prohibits collecting this debt from you personally, then this is an attempt to enforce the Movant's rights with respect to the property addressed herein, and it is not an attempt to collect the debt from you personally.**

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION C

| | |
|---|---|
| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 7 |
| MARK E. ALBRIGHT, | CASE NO. 21-09518 |
| DEBTOR | JUDGE: LaShonda A Hunt |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES the Movant, MidFirst Bank, by and through its attorneys, LOGS Legal Group LLP, and moves this Court for the entry of an order modifying the automatic stay, pursuant to 11 USC § 362(d) and in support thereof states as follows:

1. That the Debtor filed a Petition for relief under Chapter 7 of the U.S. Bankruptcy Code on August 12, 2021.

2. That the Movant is a Creditor of the Debtor, pursuant to a note secured by a mortgage on the real property commonly known as: 2431 Fitzhugh Turn, Yorkville, IL 60560.

3. That the Debtor is in default under the terms of said note and mortgage for failure to make the installment payments due April 1, 2020, through June 1, 2020, each in the amount of $2,155.29; July 1, 2020, through May 1, 2021, each in the amount of $1,822.29; and June 1, 2021, through September 1, 2021, each in the amount of $2,809.65.  That default does not include attorneys' fees, costs of collection and other advances and it does not constitute reinstatement.

4. That the indebtedness due Movant as of September 9, 2021, is $304,986.41.  Said indebtedness is currently due Movant after applying all offsets and credits due Debtor.

5. That the Debtor's schedules suggest that the fair market value of said property is approximately $323,000.00.  Upon information and belief, an additional lien may exist against

the subject property up to the amount of $11,000.00. Debtor's Schedules indicate that Debtor is claiming an exemption in the amount of $15,000.00 for this property.

6.  That the Movant adopts the facts set forth in the Statement of Default as additional allegations in support of this motion.

7.  That the Movant lacks adequate protection in that there is little or no equity in the premises and that the Debtor is not making payments to the Movant as provided by the mortgage and note.

8.  That the subject property is not necessary for an effective reorganization and the Movant is entitled to relief pursuant to 11 USC § 362(d).

9.  That the Movant wishes to be reimbursed for the costs and attorneys' fees of filing this motion.

10. That, for the reasons set forth above, it would be inequitable to delay the enforcement of any order modifying the automatic stay with respect to the Movant.

WHEREFORE, MidFirst Bank prays that this Court enter an order modifying the automatic stay to allow said creditor to foreclose the mortgage on the property known as:2431 Fitzhugh Turn, Yorkville, IL 60560 or to permit MidFirst Bank to exercise all rights and remedies with respect to the property pursuant to the note, security instrument, and applicable non-bankruptcy law including loss mitigation and foreclosure related activities; and that Federal

Bankruptcy Rule 4001(a)(3) be waived.

                                                Respectfully submitted,

                                                /s/ Michael N. Burke
                                                Attorney for MidFirst Bank

Richard B. Aronow  3123969
Michael N. Burke  6291435
Michael Kalkowski  6185654
LOGS Legal Group LLP
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717
Attorneys for Movant
21-095026

**The firm of LOGS Legal Group LLP is a debt collector.  This is an attempt to collect a debt.  Any information may be used for that purpose.  If your personal liability for this debt has been extinguished, discharged in bankruptcy or if a court order prohibits collecting this debt from you personally, then this is an attempt to enforce the Movant's rights with respect to the property addressed herein, and it is not an attempt to collect the debt from you personally.**

**REQUIRED STATEMENT TO ACCOMPANY
ALL MOTIONS TO MODIFY STAY**

All Cases: Debtor(s) Mark E. Albright        Case No. 21-09518        Chapter 7

All Cases: Moving Creditor MidFirst Bank        Date Case Filed August 12, 2021

Nature of Relief Sought: ☒ Lift Stay    ☐ Annul Stay    ☐ Other (describe) _____

Chapter 7:  ____   No-Asset Report Filed on _____
            _X_   No-Asset Report not Filed, Date of Creditors Meeting October 19, 2021

1. Collateral
   a. Home 2431 Fitzhugh Turn, Yorkville, IL 60560
   b. Car Year, Make and Model _____
   c. Other (describe) _____

2. Balance owed as of Petition Date $304,986.41
   Total of all other liens including collateral $ 315,986.41

3. In chapter 13 cases, attach a payment history listing the amount and dates of all payments received from the debtor(s) post-petition:

4. Estimated Value of Collateral (must be supplied in *all* cases) $ 323,000.00

5. Default
   a. Pre-Petition Default
      Number of months 18   Amount $37,749.66

   b. Post-Petition Default
      i. On direct payments to the moving creditor
         Number of months _____ Amount $_____
      ii. On payments to the Standing Chapter 13 Trustee
         Number of months _____ Amount $_____

6. Other Allegations
   a. Lack of Adequate Protection § 362 (d) (1)
      i. No Insurance _____
      ii. Taxes Unpaid _____ Amount $_____
      iii. Rapidly depreciating asset _____
      iv. Other _____

   b. No Equity and not Necessary for an Effective Reorganization § 362 (d) (2) _X_

   c. Other "Cause" § 362 (d) (1) _____
      i. Bad Faith (describe) _____
      ii. Multiple filings _____
      iii Other (describe) _____

   d. Debtor's Statement of Intention regarding the collateral
      i.  ☐ Reaffirm            ii. ☐ Redeem
      iii. ☐ Surrender          iv. ☒ Retain and continue to make regular payments

   Date: September 27, 2021            /s/ Michael N. Burke
                                       Counsel for Movant